UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ERIC MIDDLEBROOK,                    )
                                     )
                    Petitioner,      )
                                     )
            v.                       )        Case No. 1:23-cv-00627-TWP-TAB
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                    Respondent.      )

## ORDER DENYING 28 U.S.C. § 2255 MOTION

This matter is before the Court on Petitioner Eric Middlebrook's ("Mr. Middlebrook") Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1). Mr. Middlebrook is serving a 20-year prison sentence after pleading guilty Count 1: Possession with Intent to Distribute 500 grams or More of Methamphetamine (Mixture) and Count 2: Possession with Intent to Distribute Methamphetamine (Mixture) on the Premises where Children are Present or Reside. For the reasons discussed in this Order,  his § 2255 motion is **denied**, and this case is **dismissed with prejudice**.

## I.  THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

1

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).6

## II.   BACKGROUND

When Mr. Middlebrook pled guilty, he admitted to the following facts under oath. (Crim. Dkt.[1] 62 at 15:14–16:23). Federal agents searched Mr. Middlebrook's residence pursuant to a warrant on July 22, 2020. Three children lived at the home and were present during the search. The search yielded more than 1.5 kg of actual methamphetamine, three firearms, and nearly $7,000.00 cash. Agents also searched a storage unit rented to Mr. Middlebrook and found 2.2 kg of actual methamphetamine and $34,000.00 cash.

Within weeks of the search, a grand jury indicted Mr. Middlebrook on one charge each of possessing a mixture containing methamphetamine with intent to distribute and doing so in a place where children are present or reside. (Crim. Dkt. 12). Mr. Middlebrook quickly petitioned the Court to plead guilty without the benefit of a plea agreement. (Crim. Dkt. 33).

A Probation Officer prepared a presentence investigation report (PSR). Crim. Dkt. 39. The PSR officer recommended three Sentencing Guidelines calculations of significance to Mr. Middlebrook's § 2255 motion. First, the PSR proposed a base offense level of 36 based on a finding that Mr. Middlebrook's offense included between 1.5 and 4.5 kg of actual methamphetamine. *Id.* ¶ 16 (applying U.S.S.G. § 2D1.1(c)(2)). Second, the PSR proposed a two-level enhancement based on a finding that Mr. Middlebrook possessed a dangerous weapon. *Id.* ¶ 17 (applying U.S.S.G. § 2D1.1(b)(1)). Third, the PSR proposed a two-level enhancement based on

---

[1] *United States v. Middlebrook*, No. 1:20-cr-00184-TWP-TAB.

a finding that Mr. Middlebrook maintained a premises to manufacture and store the methamphetamine. *Id.* ¶ 18 (applying U.S.S.G. § 2D1.1(b)(12)).

The Court accepted Mr. Middlebrook's plea of guilty and issued his sentence in a single hearing on January 21, 2021. (Crim. Dkt. 62). Neither Mr. Middlebrook nor his attorney objected to any of the calculations recommended in the PSR. (Crim. Dkt. 62 at 18:16–21).

Mr. Middlebrook pursued a direct appeal, which the Seventh Circuit denied. (Crim. Dkt. 64). Relevant to the § 2255 motion, the Seventh Circuit found that any challenge to the Guideline calculations discussed above would be frivolous because all three were based on Mr. Middlebrook's admissions under oath. *Id.* at 2–3.

### III.    ANALYSIS

Mr. Middlebrook raises four challenges to his conviction and sentence. None allows the Court to grant relief.

### A.    Second Amendment

Mr. Middlebrook first argues that his two-level Guidelines enhancement for possessing a dangerous weapon violates the Second Amendment following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The government argues that Mr. Middlebrook procedurally defaulted his *Bruen* argument by failing to raise it at sentencing or on direct appeal. Whether through procedural default or on the merits, the claim fails.

#### 1. Procedural Default

"Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013); *Massaro v. United States*, 538 U.S. 500, 504 (2003)). Constitutional claims may be

3

raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *Massaro*, 538 U.S. at 504. If a petitioner is unable to demonstrate both cause and prejudice, he may obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice—that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

The government argues that Mr. Middlebrook has procedurally defaulted this claim because he could have raised a constitutional challenge to his firearm enhancement at sentencing and on direct appeal and did neither.[2] (Dkt. 24 at 8–10). Mr. Middlebrook does not respond directly or substantively to the procedural default argument. (Dkt. 28 at 2–3).

Mr. Middlebrook does not allege that he is actually innocent with respect to the dangerous weapon enhancement. He cannot. He admitted under oath that he possessed three firearms in his home along with more than a kilogram of methamphetamine. The only pertinent questions, therefore, are cause and prejudice.

A charitable justification for Mr. Middlebrook's failure to raise his Second Amendment challenge to the sentencing enhancement might be that the Supreme Court did not decide *Bruen* until after he was sentenced and his appeal was denied. But that argument does not withstand scrutiny. The operative question is whether the movant's "claim was 'available' at all" while the trial court and appellate actions were still pending. *Smith v. Murray*, 477 U.S. 527, 537 (1986). The "question is not whether subsequent legal developments have made counsel's task easier." *Id.*

*Bruen* ruled that a New York firearm licensing scheme was unconstitutional because "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-

---

[2] The government refers, presumably by mistake, to a constitutional challenge to 18 U.S.C. § 922(g)(1), the federal felon-in-possession, which of course is not at issue in this case. Dkt. 24 at 10.

defense outside the home." 597 U.S. at 10. The *Bruen* Court framed its holding as an extension of *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), which held "that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 59 U.S. at 8–9. Factually, *Heller* and *McDonald* are more relevant than *Bruen* to this case because firearms were found in his home, not on his person outside the home. And *Bruen* did not pave the way for Mr. Middlebrook to challenge the enhancement based on a new legal analysis. Indeed, the Supreme Court made clear that *Bruen* applied the same rules as *Heller*. *See* 59 U.S. at 24 ("[T]he Courts of Appeals' second step is inconsistent with *Heller*'s historical approach and its rejection of means-end scrutiny. We reiterate that the standard for applying the Second Amendment is . . . ."), 26 ("The test that we set forth in *Heller* and apply today . . . .").

Because *Heller* is factually closer to Mr. Middlebrook's case than *Bruen*, and because *Bruen* applied the same rules as *Heller*, it is not clear that Mr. Middlebrook could make any Second Amendment claim under *Bruen* that he could not have made based on *Heller*, which was alive and well at the time of Mr. Middlebrook's sentencing and appeal. There is no cause to justify his failure to bring the argument then.

### 2. Merits

If Mr. Middlebrook had not defaulted his *Bruen* argument, it could not prevail on the merits. The courts of this Circuit have uniformly held that the Guidelines' dangerous weapon enhancement does not violate the Second Amendment. *See United States v. Wigfall*, 677 F. Supp. 3d 791, 800 (N.D. Ind. 2023) ("In short, under the Second Amendment, the sentencing guidelines may constitutionally recommend, and the court may impose, an enhanced sentence when an offender possesses a dangerous weapon, including a firearm, in the commission of another felony,

specifically here under U.S.S.G. § 2D1.1(b)(1)."); *United States v. Love*, 647 F. Supp. 3d 664, 670 (N.D. Ind. 2022) ("*Bruen* is rife with historical observations that would exclude from Second Amendment protections individuals that carry firearms to facilitate crime. . . .  Section 2D1.1(b)(1) punishes firearm possession only when it occurs in relation to a federal drug offense. Definitionally, then, it applies only to those who are actively violating the nation's drug laws. The guideline falls well within this nation's historical limitations of gun ownership and passes constitutional muster."). If Mr. Middlebrook could demonstrate good cause for failing to raise his Second Amendment defense to the dangerous weapon enhancement sooner, he could not demonstrate prejudice or prevail on the merits.

**B.    Drug Quantities**

Mr. Middlebrook next argues that the Court erred in calculating his offense level because it treated all the methamphetamine seized from his home and storage unit as *pure* methamphetamine rather than a *mixture* containing methamphetamine. This argument runs into three obstacles, each of which is insurmountable.

First: Because the Guidelines are advisory rather than mandatory, a Guidelines calculation error is not reviewable in a § 2255 action unless the movant's sentence exceeds the statutory maximum. *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014). Mr. Middlebrook does not argue that his sentence exceeds the maximum, so he has no claim.

Second: "an initial federal determination controls in subsequent rounds of review if . . . the same ground presented in the subsequent application was determined adversely to the applicant on the prior application." *Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005). The Seventh Circuit already determined that any challenge to the drug quantity calculations would be frivolous.

Third: "representations made to a court during a plea colloquy are presumed to be true." *Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) (citation and internal quotation marks omitted). "Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). Thus, statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

Mr. Middlebrook testified under oath at his plea-and-sentencing hearing that the drug quantities the government presented—and on which the Court based its calculations—were correct and applied to pure methamphetamine. He cannot obtain relief from his sentence now by contradicting that testimony.

## C.    Failure to Move to Dismiss Indictment

Mr. Middlebrook next asserts that he was deprived of his Sixth Amendment right to effective assistance of counsel because his attorney failed to move to dismiss one count of the indictment. A § 2255 movant claiming ineffective assistance bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021).

A guilty plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). A petitioner who has pled guilty can establish prejudice only by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For this reason, "[t]he nature of relief secured by a successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010).

Mr. Middlebrook was charged with violating 21 U.S.C. §§ 841(a)(1) and 860a. He was charged with violating § 841(a)(1) by possessing methamphetamine with intent to distribute it. Section 860a imposes an additional, consecutive sentence for "manufacturing or distributing, or possessing with intent to manufacture or distribute, methamphetamine or its salts, isomers or salts of isomers on premises in which an individual who is under the age of 18 years is present or resides."

Mr. Middlebrook argues that his attorney performed deficiently and prejudiced him by failing to move to dismiss the § 860a charge. (Dkt. 28 at 4–7). The thrust of his argument is that the government would not have been able to prove each element of the offense. He appears to argue that, because drugs were also found at a storage unit, the government would not be able to prove that he sold (or at least intended to sell) drugs at his home, where his children lived.

Mr. Middlebrook testified under oath at his sentencing hearing that the following statement was true: "Middlebrook possessed the methamphetamine that was found at both his home residence and storage unit on July 22nd, 2020, and he intended to distribute this methamphetamine to others in exchange for financial remuneration." (Crim. Dkt. 62 at 16:11–14). Mr. Middlebrook made this admission in the context of pleading guilty to possessing methamphetamine with intent

8

to distribute it at a place where children were present. There is no logical reason why he could not possess methamphetamine with intent to distribute it in more than one place, and he cites no legal authority or evidence that an attorney would hypothetically have used to secure the dismissal of that charge.

"Failure to raise a losing argument . . . does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). Mr. Middlebrook's attorney did not perform deficiently or prejudice him by failing to seek dismissal of Count 2.

**D.     Failure to Object to Premises Enhancement**

Finally, Mr. Middlebrook argues that he was deprived of his right to effective assistance because counsel failed to object to the two-level premises enhancement under the Guidelines. (Dkt. 28 at 8–12). The enhancement applies if "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12).

Mr. Middlebrook argues that, had counsel secured dismissal of the § 860a charge, the premises enhancement would not have been available. This argument fails for the reasons expressed in the previous section. The Court cannot find that counsel would have had a good-faith basis for seeking dismissal of the § 860a charge after Mr. Middlebrook admitted on the record that he possessed methamphetamine at his home with intent to distribute it.

Mr. Middlebrook also argues that, because he kept large quantities of drugs and money at a storage unit, counsel could have easily demonstrated that he did not maintain his house as a premises for the purpose of distributing methamphetamine. The implication of this argument is that he maintained the storage unit for the purpose of distributing drugs and used his residence primarily as a residence. Mr. Middlebrook defeats his own claim with this argument. The Guidelines require only that he maintained *a* premises for the purpose of distributing drugs, not

that he maintained his *home* for the purpose of distributing drugs. In arguing that counsel should have defended against the enhancement by showing that he used the storage unit rather than his home for his drug business, Mr. Middlebrook effectively concedes that the enhancement applies— whether to the residence or the storage unit.

### IV.   <u>CONCLUSION</u>

Mr. Middlebrook's 28 U.S.C. § 2255 motion is **DENIED**. This action is **dismissed with prejudice**. The **clerk is DIRECTED** to enter **final judgment** in this case, to docket a copy of this order in the criminal case, no. 1:20-cr-00184-TWP-TAB-1, and to **terminate** the pending § 2255 motion in that case, Dkt. [66].

### V.   <u>DENIAL OF CERTIFICATE OF APPEALABILITY</u>

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Middlebrook has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/26/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ERIC MIDDLEBROOK
17615-028
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

Brian L. Reitz
DOJ-USAO
brian.reitz@usdoj.gov